Allison C. Eckstrom, California Bar No. 217255
Christopher J. Archibald, California Bar No. 253075
Bernice E. Diaz, California Bar No. 329246
**BRYAN CAVE LEIGHTON PAISNER LLP**
3161 Michelson Drive, Suite 1500
Irvine, California 92612-4414
Telephone: (949) 223-7000
Facsimile: (949) 223-7100
E-Mail:   allison.eckstrom@bclplaw.com
          christopher.archibald@bclplaw.com
          bernice.diaz@bclplaw.com

Attorneys for Defendant
SAIA MOTOR FREIGHT LINE, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO CARLOS,<br><br>        Plaintiff,<br><br>    v.<br><br>SAIA MOTOR FREIGHT LINE, LLC; and DOES 1 through 100, inclusive.<br><br>        Defendants. | Case No.<br><br>(San Bernardino County Superior Court Case No. CIVDS 2009568)<br><br>**DEFENDANT SAIA MOTOR FREIGHT LINE, LLC'S NOTICE OF REMOVAL**<br><br>**[DIVERSITY JURISDICTION]**<br><br>*[Filed concurrently with Corporate Disclosure Statement; Notice of Interested Parties, Declarations of Stephanie Maschmeier, Kevin Hamilton, and Christopher J. Archibald; and Civil Cover Sheet]* |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF:**

**PLEASE TAKE NOTICE** that Defendant Saia Motor Freight Line, LLC ("Defendant") hereby removes the above-entitled action from the Superior Court of the State of California for the County of San Bernardino to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, on the grounds that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

## PROCEDURAL BACKGROUND

1. On May 29, 2020, Plaintiff commenced a lawsuit against Defendant in the Superior Court of the State of California for the County of San Bernardino, entitled "*Gustavo Carlos, Plaintiff vs. Saia Motor Freight Line, LLC; and Does 1 through 100, inclusive, Defendants*," Case No. CIVDS2009568.

2. On June 22, 2020, Plaintiff served Defendant's agent for service of process, CT Corporation, with the following documents: (a) Summons; (b) Complaint; and (c) Notice of Trial Setting Conference, true and correct copies of which are attached hereto as "**Exhibit A**."

3. Plaintiff's complaint alleges causes of action for: (1) perceived and/or physical disability harassment, discrimination, and retaliation in violation of California Government Code §§ 12940 et seq. [FEHA]; (2) harassment, discrimination, and retaliation in violation of California Government Code §§ 12945.2 et seq. [CFRA]; (3) retaliation and wrongful termination in violation of public policy; and (4) declaratory relief [permanent injunction requested].

4. Exhibit A to this Notice of Removal constitutes all pleadings, process, and orders served in this action at the time of removal.

## REMOVAL IS TIMELY

5. A case may be removed at any time, provided that neither of the two 30-day periods under 28 U.S.C. § 1446(b)(1) and (b)(3) has been triggered. *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1126 (9th Cir. 2013).

6. 28 U.S.C. § 1446(b)(1) provides that, "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."

7. "[N]otice of removability under § 1446(b)(1) is determined through examination of the four corners of the applicable pleadings[.]" *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). The Complaint does not "reveal on its face the facts necessary for federal court jurisdiction" because Plaintiff does not allege that the amount in controversy exceeds $75,000. *Rea v. Michaels Stores, Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014) (quoting *Harris*, 425 F.3d at 691–92).

8. Plaintiff also never served Defendant with an "other paper" sufficient to trigger the second 30-day clock. 28 U.S.C. § 1446(b)(3). Indeed, Plaintiff has not served Defendant with any documents other than those attached to this Notice of Removal.

9. Because (a) neither of the two 30-day periods under 28 U.S.C. § 1446(b)(1) and (b)(3) has been triggered and (b) Defendant filed this Notice of Removal within 30 days of being served, Defendant's removal is timely.

## PLAINTIFF'S COMPLAINT IS SUBJECT TO REMOVAL BASED ON DIVERSITY GROUNDS

10. This is a civil action of which this Court has original diversity jurisdiction under 28 U.S.C. § 1332, and is properly removable pursuant to the provisions of 28 U.S.C. §§ 1441(a) and (b), because it is a civil action in which the

amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states, as set forth below.

**Complete Diversity of Citizenship Exists Between Plaintiff and Defendant**

11. **Plaintiff is A Citizen of California**. A person is a "citizen" of the state in which she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place she resides with the intention to remain or to which she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff alleges that at all relevant times, he has been a resident of California. (Complaint, ¶ 1). Plaintiff worked for Defendant from approximately July 22, 2019 to February 26, 2020. (Declaration of Kevin Hamilton ("Hamilton Decl."), ¶ 2.) Throughout his employment with Defendant, Plaintiff indicated that he resided in San Bernardino, California. (*Id.*, ¶ 3.) The California driver's license and the W-4 forms that Plaintiff presented to Defendant indicated that he resided in San Bernardino, California. (*Id.*) Therefore, Plaintiff resided in California at the time the action was commenced and intends to remain there. As such, Plaintiff is and, at all times since the commencement of this action has been, a resident and citizen of California.

12. **Defendant Saia Motor Freight Line, LLC is Not a Citizen of California**. As a limited liability company, Defendant is deemed to be a citizen of any state where a member is a resident or citizen. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

13. At the time of the filing of this action, Defendant was, and still is, a Louisiana limited liability company. (Declaration of Stephanie Maschmeier ("Maschmeier Decl."), ¶ 2.)

14. The sole member of Defendant is, and was at the time this action was filed, Saia, Inc. (Maschmeier Decl., ¶ 2.)

15. At the time of the filing of this action, Saia, Inc. was, and still is, a corporation incorporated under the laws of the State of Delaware with its principal place of business in Georgia. (Maschmeier Decl., ¶ 2.)

16. Pursuant to 28 U.S.C. § 1332(c), a corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. The Supreme Court has established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction. *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). The Court held that the "'principal place of business' [as set forth in section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id*. at 92-93. The Court further clarified that the principal place of business was the place where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control and coordination." *Id*. at 93; see also *Montrose Chemical v. American Motorists Ins. Co.*, 117 F.3d 1128, 1134 (9th Cir. 1997) (holding that a corporation's principal place of business is the state in which it performs a substantial predominance of its corporate operations and, when no state contains a substantial predominance of the corporation's business activities, then the corporation's principal place of business is the state in which the corporation performs its executive and administrative functions.)

17. Saia, Inc.'s corporate headquarters are located in John's Creek, Georgia where its officers direct, control and coordinate Saia, Inc.'s activities. (Maschmeier Decl., ¶ 2.) Saia, Inc.'s operations are managed from this location, including but not limited to, those operations relating to administering company-wide policies and procedures, legal affairs, and general business operations. (*Id*.) Therefore, for diversity purposes, Saia, Inc. is a citizen of Delaware and Georgia.

18. Because Plaintiff is a citizen of California and Defendant is a citizen of Delaware and Georgia, complete diversity of citizenship exists between Plaintiff and Defendant.

19. **The Citizenship of "Doe Defendants" Must Be Disregarded.** The citizenship of fictitiously-named "Doe" defendants is to be disregarded for the purposes of removal. 28 U.S.C. § 1441(b). Thus, the existence of Doe defendants 1 through 100 does not deprive this Court of jurisdiction.

## The Alleged Amount In Controversy Exceeds $75,000[1]

20. While Defendant denies any liability as to Plaintiff's claims, the amount in controversy in this action exceeds the sum of $75,000. To satisfy the amount in controversy of $75,000, exclusive of interest and costs, is not "daunting," as courts in the Ninth Circuit recognize that a removing defendant is not obligated to "research, state and prove the plaintiff's claim for damages." *Muniz v. Pilot Travel Centers LLC*, No. CIV. S-07-0325 FCD EFB, 2007 WL 1302504, *2 (E.D. Cal., May 1, 2007). Defendant need only "provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" $75,000. *Guglielmino v. McKee Foods Corp.*, 56 F.3d 696, 699 (9th Cir. 2007). Thus, "[o]nce the proponent of jurisdiction has set out the amount in controversy, only a 'legal certainty' that the judgment will be less forecloses federal jurisdiction." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005).

21. The amount in controversy is determined from the allegations and prayer of the complaint. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). If the complaint does not, on its face, reflect the amount in controversy, the Court may consider facts from the removal petition, as well as

---

[1] Defendant denies any liability whatsoever with respect to Plaintiff's claims. The sole purpose of this removal is to establish the amount that is in controversy with respect to Plaintiff's claims.

evidence submitted by the parties, relevant to the amount in controversy at the time of removal. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

22.     Plaintiff alleges that Defendant discriminated against, retaliated against, and harassed him in violation of the California Fair Employment and Housing Act ("FEHA") and wrongfully terminated him in violation of public policy. Defendant expressly denies that it discriminated against, retaliated against, or harassed Plaintiff. However, a plaintiff alleging claims for discrimination, retaliation, or harassment in violation of FEHA may recover damages for past economic loss, future economic loss, past noneconomic loss, and future noneconomic loss. CACI, VF-2500, 2504, 2506A.

23.     Here, Plaintiff seeks to recover loss of income, benefits, emotional distress, and attorneys' fees. (Complaint, Prayer at ¶¶ 1-6, 8.)

24.     **Lost Wages.** Defendant expressly denies that Plaintiff is entitled to recover lost wages as it denies that Plaintiff can recover on his underlying claims. However, for purposes of calculating the amount in controversy, Plaintiff's final hourly rate of pay was $19.51. (Hamilton Decl., ¶ 4.) Plaintiff was regularly scheduled to work 24 hours per week. (*Id.*) Sometimes, he also worked daily overtime. (*Id.*) Plaintiff was terminated on February 26, 2020, which was 21 weeks before the date of removal. Therefore, Plaintiff's past lost wages at the time of removal are at least $19.51 x 24 x 21 = **$9,833.04**.

25.     **Emotional Distress and Mental Suffering.** Defendant expressly denies that Plaintiff is entitled to recover emotional distress damages as it denies that Plaintiff can recover on his underlying claims. However, for purposes of calculating the amount in controversy, Plaintiff's complaint seeks unspecified damages for emotional distress. (Compl., ¶ 30, Prayer, ¶ 1.) Emotional distress damages are properly considered in the amount in controversy for jurisdiction purposes. See, e.g., *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005);

*Cain v. Hartford Life & Acc. Ins. Co.*, 890 F.Supp.2d 1246, 1250 (C.D. Cal. 2012); see also *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1034 (N.D. Cal. 2002) ("In fact, emotional distress damages may be considered when calculating the amount in controversy even where not clearly pled in the complaint."). "To establish the amount of emotional distress in controversy, a defendant may introduce evidence of jury verdicts in other cases." *Cain*, 890 F.Supp.2d at 1250 (C.D. Cal. 2012) (citing *Rivera v. Costco Wholesale Corp.*, No. C 08–02202 CW, 2008 WL 2740399, at *1 (N.D. Cal. July 11, 2008)).

26. Emotional distress and mental suffering damages in Fair Employment and Housing Act ("FEHA") discrimination, retaliation, and harassment cases regularly exceed $45,000.

27. In *Baghumian v. County of Los Angeles*, 2018 WL 3609142 (Los Angeles County Superior Court 2018), the plaintiff, a lifeguard, sued for discrimination and retaliation in violation of FEHA that allegedly occurred from 2014 to 2016. He claimed that he was discriminated against for missing work because of a work-related injury to his hand. He also alleged that he complained about the discrimination, after which he was terminated in retaliation for his complaints. The jury found for the plaintiff and awarded him $175,000 for emotional distress. (Archibald Decl., Ex. A).

28. In *Villalta v. Leonardo's Restaurant, Inc. et al.,* 2016 WL 2941139 (Los Angeles Superior Court), the employee sued her employer for discrimination, retaliation, and harassment in violation of FEHA. The employee was employed by the defendants as a waitress. She claimed that defendant discriminated against her by reducing her work hours and terminating her employment because she was pregnant. The jury returned a verdict for her and awarded her $45,000 in emotional distress damages. (Archibald Decl., Ex. B).

29. In *Woods v. City of Inglewood*, 2002 WL 33844526 (Los Angeles Superior Court 2002), plaintiff alleged that the Inglewood City Council promoted

an African-American police office to the rank of captain and refused to promote plaintiff to the rank of captain because of his race (Caucasian). Plaintiff alleged that he was more qualified for the position and that the City Council discriminated against him because of his race in violation of FEHA. The jury found for the plaintiff and awarded $75,000 in emotional distress damages. (Archibald Decl., Ex. C).

30. In *Evans v. Federal Express*, 2006 WL 4543813 (N.D. Cal. 2006), plaintiff, an African-American, sued for race discrimination and retaliation in violation of FEHA. He alleged that defendant reprimanded him and transferred from his shift in retaliation for complains he filed with the Department of Fair Employment and Housing regarding race discrimination. The jury found for the plaintiff and awarded $475,000 in emotional distress damages. (Archibald Decl., Ex. D).

31. In *Rosales v. Career Systems Development Corporation*, 2010 WL 3918596 (E.D. Cal. 2010), defendant terminated plaintiff, claiming that he violated the anti-fraternization policy. Plaintiff claimed that there was an inconsistent application of the anti-fraternization policy, in favor of younger Caucasians and a pattern of terminating older minority employees for specious reasons. Plaintiff alleged claims for race/national origin discrimination, age discrimination, and retaliation in violation of FEHA. The jury found for plaintiff and awarded him $84,000 in emotional distress damages. (Archibald Decl., Ex. E).

32. In *Miller v. Vicorp Inc.*, 2005 WL 6142218 (N.D. Cal. 2005), plaintiff sued defendant for age discrimination in violation of FEHA. He alleged that he was wrongfully terminated because of his age after he attempted to return to work after a job related injury. The jury found for plaintiff and awarded him $350,000, all for emotional distress damages. (Archibald Decl., Ex. F).

33. Juries award significant emotional distress damages in discrimination, retaliation, and harassment cases. The emotional distress awards in the sampling of

6 cases set forth in this removal were $45,000, $75,000, $84,000, $175,000, $350,000, and $475,000. Therefore, the amount in controversy with respect to Plaintiff's claim for emotional distress damages is at least **$45,000**, if not significantly more than that.

34. **Attorneys' Fees.** Plaintiff seeks attorneys' fees in connection with his claims. (Complaint, Prayer at ¶¶ 5, 6, 8.) Attorneys' fees are properly included in the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for attorneys' fees to be included in amount in controversy); *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002) (attorneys' fees included in determining jurisdictional amount).

35. When, as here, a plaintiff seeks to recover attorneys' fees, the court *must consider future attorneys' fees* when determining the amount in controversy. *Fritsch v. Swift Transportation Company of Arizona, LLC*, No. 18-55746, 2018 WL 3748667 (9th Cir. Aug. 8, 2018).

36. Defendant expressly denies that Plaintiff is entitled to recover attorneys' fees as it denies that Plaintiff can recover on his underlying claim. However, several courts in this district have determined that a reasonable, conservative estimate for attorneys' fees in an employment case is to multiply an average hourly rate of $300 with an estimated 100 hours of work. See, e.g., *Aguilar v. Wells Fargo Bank, N.A.*, No. ED CV 15-01833-AB (SPx), 2015 WL 6755199 (C.D. Cal. Nov. 4, 2015); *Garcia v. ACE Cash Express, Inc.*, No. SACV 14–0285–DOC (RNBx), 2014 WL 2468344 (C.D. Cal. May 30, 2014), at *5; *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14–09154–AB (AJWx), 2015 WL 898468, at *6 (C.D. Cal. March 3, 2015); *Ponce V. Medical Eyeglass Center, Inc.*, No. 2:15–CV–04035–CAS (JEMx), 2015 WL 4554336 (C.D. Cal. July 27, 2015), at *4; see also *Simmons*, 209 F.Supp.2d at 1035 (recognizing that "attorneys' fees in individual discrimination cases often exceed the damages"). Therefore, this Court should

9
NOTICE OF REMOVAL

adhere to this same conservative estimate and conclude that Plaintiff's demand for attorneys' fees adds at least **$30,000** to the amount in controversy.

37. Therefore, *excluding* the additional amounts in controversy relating to Plaintiff's claims for lost wages through trial, future lost wages, medical expenses, and his seeking punitive damages, which will only serve to further increase the amount in controversy, Plaintiff's alleged damages place into controversy at least **$84,833.04**, as summarized below:

| Claim | Amount in Controversy |
|---|---|
| Lost wages | $9,833.04 |
| Emotional distress | $45,000.00 |
| Attorneys' fees | $30,000.00 |
| **Total:** | **$84,833.04** |

38. Based upon the foregoing, the amount in controversy in this action easily exceeds the jurisdictional minimum of $75,000.

39. For these reasons, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. section 1332, and which may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441 based on diversity jurisdiction.

**THE PROCEDURAL REQUIREMENTS OF 28 U.S.C. § 1446 ARE SATISFIED**

40. In accordance with 28 U.S.C. §1446(a), this Notice of Removal is filed in the District in which the action is pending. The San Bernardino County Superior Court is located within the Central District of California. Therefore, venue is proper in this court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

41. In accordance with 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon Defendant are attached as Exhibit A, to this Notice.

42. In accordance with 28 U.S.C. §1446(d), a copy of this Notice is being served upon Plaintiff, and a notice will be filed with the Clerk of the Superior Court of California for the County of San Bernardino. Notice of Compliance shall be filed promptly afterwards with this court.

43. As required by Federal Rule of Civil Procedure 7.1 and Local Rule 7-1.1, Defendant concurrently filed its Certificate of Interested Parties.

## CONCLUSION

For the foregoing reasons, Defendant hereby removes the above-entitled action to United States District Court for the Central District of California.

Dated: July 21, 2020

Allison C. Eckstrom
Christopher J. Archibald
Bernice E. Diaz
**BRYAN CAVE LEIGHTON PAISNER LLP**

By: */s/ Christopher J. Archibald*
Christopher J. Archibald
Attorneys for Defendant
SAIA MOTOR FREIGHT LINE, LLC