EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** SAIA MOTOR FREIGHT LINE, LLC;
*(AVISO AL DEMANDADO):* and DOES 1 through 100,
Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** GUSTAVO CARLOS,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FOR COURT USE ONLY
F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAY 29 2020

BY _____
NICOLE O'DWYER, DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: *(Número del Caso):* |
|---|---|
| *(El nombre y dirección de la corte es):* SAN BERNARDINO COUNTY SUPERIOR COURT 247 West Third Street San Bernardino, California 92415-0210 | CIV DS 2 0 0 9 5 6 8 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Marcus V. Mancini
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
MANCINI & ASSOCIATES
15303 Ventura Blvd., Suite 600, Sherman Oaks, CA 91403    (818) 783-5757

| DATE: MAY 29 2020 | Clerk, by NICOLE O'DWYER | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Saia Motor Freight Line, LLC

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☒ other *(specify):* Entity form known

4. ☐ by personal delivery on *(date):*

[SEAL]

COPY

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder™

1 | MARCUS A. MANCINI, ESQ. (State Bar No.146905)
  | VADIM YEREMENKO, ESQ. (State Bar No. 269804)
2 | vadimy@mamlaw.net
  | IMRAN RAHMAN, ESQ.(State Bar No. 308148)
3 | irahman@mamlaw.net
  | ALEX HADJIAN, Esq., State Bar No. 327534
4 | ahadjian@mamlaw.net
  | **MANCINI & ASSOCIATES**
5 | A Professional Law Corporation
  | 15303 Ventura Boulevard, Suite 600
6 | Sherman Oaks, CA 91403
  | (818) 783-5757  Phone
7 | (818) 783-7710  Fax

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

**MAY 29 2020**

BY _____
NICOLE O'DWYER, DEPUTY

8 | Attorneys for Plaintiff **GUSTAVO CARLOS**

9 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10 | **FOR THE COUNTY OF SAN BERNARDINO**

11 | GUSTAVO CARLOS,

     Case No. CIVDS 2009568

12 |          Plaintiff,

**PLAINTIFF'S COMPLAINT FOR DAMAGES:**

13 |      vs.

14 |
15 | SAIA MOTOR FREIGHT LINE, LLC;
  | and DOES 1 through 100, Inclusive,
16 |      Defendants.
17 |

(1)   **FOR PERCEIVED AND/OR PHYSICAL DISABILITY HARASSMENT, DISCRIMINATION AND RETALIATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §§12940 ET SEQ. [FEHA];**

18 |
19 |
20 |

(2)   **FOR HARASSMENT, DISCRIMINATION AND RETALIATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §§12945.2 ET SEQ. [CFRA];**

21 |
22 |
23 |

(3)   **FOR RETALIATION AND WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**

24 |
25 |

(4)   **FOR DECLARATORY RELIEF [Permanent Injunction Requested].**

26 | **JURY TRIAL DEMANDED**

27 | **UNLIMITED JURISDICTION: CASE VALUE IN EXCESS OF**
28 | **$25,000.00**

BY FAX

1

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1    **COMES NOW** Plaintiff **GUSTAVO CARLOS** (hereinafter referred to as "CARLOS" or

2  "Plaintiff") and complains against the above-named Defendants and for causes of action against

3  the Defendants, and each of them, alleges as follows:

4                            **I.**

5                  **FIRST CAUSE OF ACTION**

6          **(For Perceived and/or Physical Disability**

7     **Harassment, Discrimination and Retaliation in Employment**

8        **[California Government Code §12940 et seq.]**

9     **Against All Defendants and DOES 1 Through 100, Inclusive)**

10    1.    At all times mentioned herein, Plaintiff was, and now is, an individual

11  residing in the County of San Bernardino, State of California.

12    2.    Plaintiff is informed and believes, and thereon alleges, that at all times relevant

13  herein, Defendant SAIA MOTOR FREIGHT LINE, LLC (hereinafter referred to collectively with

14  all other Defendants as "Defendants") were, and now are, valid businesses of form unknown duly

15  organized and existing under the laws of the State of California, having its principal place of

16  business in the County of San Bernardino, State of California.

17    3.    Plaintiff is ignorant of the true names and capacities, whether corporate, associate,

18  successor, alter ego, fictitious, individual or otherwise, of Defendants sued herein as DOES 1 -

19  100, Inclusive, and therefore sues said Defendants, and each of them, by such fictitious names.

20  Plaintiff will seek leave of court to amend this Complaint to assert the true names and capacities of

21  the fictitiously named Defendants when the same have been ascertained. Plaintiff is informed and

22  believes, and thereon alleges, that each Defendant designated as "DOES" herein is legally

23  responsible for the events, happenings, acts, occurrences, indebtedness, damages and liabilities

24  hereinafter alleged and caused injuries and damages proximately thereby to the plaintiff, as

25  hereinafter alleged.

26    4.    Plaintiff is informed and believes, and thereon alleges, that at all times relevant

27  herein, each Defendant designated, including DOES 1-100, herein was the agent, managing agent,

28  principal, owner, partner, integrated enterprise, subsidiary, wholly owned subsidiary, partially

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  owned subsidiary, joint venturer, joint employer, direct employer, special employer, client
2  employer, labor contractor, alter ego, representative, supervisor, manager, servant, employee and/or
3  co-conspirator of each of the other Defendants, and was at all times mentioned herein acting within
4  the course and scope of said agency and employment, and that all acts or omissions alleged herein
5  were duly committed with the ratification, knowledge, permission, encouragement, authorization
6  and consent of each Defendant designated herein.

7       5.    At all times herein mentioned, until Plaintiff's wrongful termination on or about
8  February 25, 2020, Plaintiff was employed as a Forklift Driver by Defendants and DOES 1 through
9  100, Inclusive, and each of them, who were also, at all times herein mentioned, Plaintiff's
10  employers, managers and supervisors.

11       6.    Plaintiff, at all times hereinalleged, has the perceived and/or physical disability(s) of
12  neck injuries, shoulder injuries, associated conditions and others.

13       7.    When Plaintiff applied for work with Defendants, and each of them, Plaintiff had
14  suffered work injuries and disability(s) at another job, including back injuries and right hand and
15  finger injuries, resulting in a fifteen percent (15%) permanent disability rating and work
16  restrictions including no pushing, pulling, squatting and a twenty-five (25) pound lifting restriction,
17  in addition to no gripping or grasping with his right hand. Defendants, and each of them, did not
18  care about Plaintiff's injuries and disability(s), as long as Plaintiff passed the physical examination,
19  which he did. As far as Plaintiff's lifting restriction(s) was concerned, Defendants, and each of
20  them, told Plaintiff it did not matter as Plaintiff could request assistance to lift, within Defendants'
21  "team approach" to work.

22       8.    Plaintiff had a tremendous work ethic and work history with Defendants, and each
23  of them, with no reprimands, write-ups, warnings or discipline until the events hereinalleged.

24       9.    In or around September 2019, and continuing, Plaintiff developed and/or aggravated
25  and/or sustained perceived and/or physical disability(s) including, but not limited to, neck injuries,
26  shoulder injuries, associated conditions and others.

27      10.    Plaintiff placed Defendants, and each of them, on notice of Plaintiff's disability(s).
28      11.    Plaintiff made and/or articulated a Worker's Compensation claim(s).

3

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

12. Plaintiff requested and/or was entitled to and/or was granted CFRA and/or other medical and/or other negotiated leave in order to recuperate and heal.

13. After Plaintiff's injuries and disability(s), Plaintiff's Supervisors and Managers began a campaign of harassment, discrimination and retaliation against Plaintiff by overly and unfairly monitoring, scrutinizing, reprimanding and disciplining Plaintiff's work performance and behavior including, but not limited to, Plaintiff's time management and breaks.

14. In or around January 2020, Defendants, and each of them, literally escorted Plaintiff off the premises, representing to him that "we'll call you back" "to see what's going to happen to you."

15. The following day, Defendants, and each of them, informed Plaintiff he had to obtain a "release" from his doctor(s), and mailed Plaintiff the package they required.

16. Plaintiff's physician(s) filled out the package demanded by Defendants, and each of them, and submitted it.

17. On or about February 24, 2020, Defendants' Human Resources Representative KEISHA McDONALD told Plaintiff that Defendants, and each of them, had never received the required paperwork. Plaintiff responded that it had been done, and then McDONALD responded "no, that's not what we wanted, we want a doctor's release." Plaintiff told McDONALD that his doctor would not "release" him, as Plaintiff had pre-existing restrictions. McDONALD then told Plaintiff that they were unaware of Plaintiff's request for time off. Plaintiff responded that he had not requested time off, he had been escorted off the premises for absolutely no reason(s).

18. Defendants, and each of them, later emailed Plaintiff stating they were still waiting for a "release." Plaintiff reminded Defendants, and each of them, that there was no way he was going to get a "release" until his other Worker's Compensation case settled, that he had a fifteen percent (15%) permanent disability rating and that he had been performing his job with Defendants, and each of them, with absolutely no problem.

19. On or about February 25, 2020, Defendants' Terminal Manager CARLOS DOE informed Plaintiff that "You didn't give us the paperwork we requested. Your application for employment is being terminated."

4

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1      20.    On or about February 25, 2020, Defendants, and each of them, retaliated against and
2 wrongfully terminated Plaintiff for the false and/or exaggerated and/or pretextual reasons that
3 Plaintiff had not provided them with the requested paperwork.

4      21.    Defendants, and each of them, in violation of California Unemployment Insurance
5 Code §1089 et seq., failed to give Plaintiff written confirmation of the change in Plaintiff's
6 employment status, in preparation and/or anticipation of arguing false and/or shifting termination
7 reasons, which is further evidence of Defendants' pretext and pretextual reasons and/or motives for
8 Plaintiff's termination.

9      22.    Plaintiff could have continued to work in his position of Forklift Driver, with no
10 problem whatsoever. Plaintiff had also put in his application for the Semi-Truck Driver position,
11 which required no lifting at all. In fact, in or around January 2020, before he was unfairly and
12 outrageously escorted off the premises, Plaintiff had been informed that once his background check
13 passed, he would be notified of dates for the Semi-Truck Driver test.

14      23.    Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of
15 them, replaced Plaintiff with and/or kept and/or treated more favorably non-disabled individual(s).

16      24.    At all times hereinalleged, Plaintiff was a qualified disabled worker with one or
17 more perceived and/or physical disability(s), who could perform the essential duties of Plaintiff's
18 job with or without an accommodation, and without causing harm to Plaintiff and/or Plaintiff's
19 fellow employees, and who was entitled to preferential reassignment.

20      25.    From September 2019, and continuing at least through February 25, 2020, and
21 continuing, Defendants and DOES 1 through 100, and each of them, discriminated, harassed, and
22 retaliated against Plaintiff on the basis of Plaintiff's perceived and/or physical disability(s), by the
23 following continuous actions, and conduct, among others:

24      a.    Failing to determine the extent of Plaintiff's disability(s) and how they could be
25          accommodated;

26      b.    Failing to take any affirmative steps to inform Plaintiff of any job opportunities
27          within the company;

28 ///

5

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1      c.      Failing to consider Plaintiff for and move Plaintiff into openings for which Plaintiff

2             was qualified and could handle subject to Plaintiff's disability(s);

3      d.      Failing to engage in a timely, good faith, interactive process with Plaintiff to

4             determine effective reasonable accommodations;

5      e.      On or about February 25, 2020, retaliating against and wrongfully terminating

6             Plaintiff for the false and/or exaggerated and/or pretextual reasons that Plaintiff did

7             not provide Defendants, and each of them, with the "required paperwork;"

8      f.      In violation of California Unemployment Insurance Code §1089 et seq., failing to

9             give Plaintiff written confirmation of the change in Plaintiff's employment status, in

10            preparation and/or anticipation of arguing false and/or shifting termination reasons,

11            which is further evidence of Defendants' pretext and pretextual reasons and/or

12            motives for Plaintiff's termination;

13      g.      Replacing Plaintiff with and/or keeping and/or treating more favorably non-disabled

14            individual(s);

15      h.      Harassing, discriminating and retaliating against Plaintiff on the basis of Plaintiff's

16            perceived and/or disability(s), as hereinalleged;

17      i.      Harassing, discriminating and retaliating against Plaintiff on the basis of Plaintiff

18            requesting and/or taking and/or being entitled to CFRA and/or other lawful medical

19            leave, as hereinalleged;

20      j.      Failing to reemploy and/or rehire Plaintiff.

21      26.      The acts and conduct of Defendants, and each of them, as aforesaid, was in

22 violation of California Government Code §12940 et seq. Said statutes impose certain duties upon

23 Defendants, and each of them, concerning harassment, discrimination and retaliation against

24 persons, such as Plaintiff, on the basis of perceived and/or physical disability and the prohibition of

25 perceived and/or physical disability harassment, discrimination and retaliation. Said statutes were

26 intended to prevent the type of injury and damage herein set forth. Plaintiff was, at all times

27 material hereto, an employee with a perceived and/or physical disability(s), and within the

28 protected class covered by California Government Code §12940, prohibiting perceived and/or

6

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1 physical disability harassment, discrimination and retaliation in employment.

2     27.    By the acts and conduct described above, Defendants, and each of them, in violation
3 of said statutes, knew about, or should have known about, and failed to investigate and/or properly
4 investigate, prevent or remedy the perceived and/or physical disability harassment, retaliation and
5 discrimination. The acts of discrimination, retaliation and harassment described herein were
6 sufficiently pervasive so as to alter the conditions of employment, and created an abusive working
7 environment. When Plaintiff was harassed, discriminated against and retaliated against, Plaintiff's
8 perceived and/or physical disability(s) and/or complaints about the unlawful conduct were a
9 substantial factor motivating and/or motivating reasons in Defendants' conduct.

10     28.    Plaintiff filed timely charges and complaints of perceived and/or physical disability
11 harassment, retaliation and discrimination with the California Department of Fair Employment and
12 Housing and has received Notice(s) of Right to Sue in a California Superior Court pursuant to
13 California Government Code §12965(b). Plaintiff has therefore exhausted Plaintiff's
14 administrative remedies under the California Government Code. Attached hereto and incorporated
15 herein as Exhibit "A" are said Complaints and by reference hereto are made a part hereof.
16 Attached hereto and incorporated herein as Exhibit "B" are said Right to Sue Notices and by
17 reference hereto are made a part hereof.

18     29.    By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has
19 been directly and legally caused to suffer actual damages pursuant to California Civil Code §3333
20 including, but not limited to, loss of earnings and future earning capacity, medical and related
21 expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary
22 loss not presently ascertained, for which Plaintiff will seek leave of court to amend when
23 ascertained.

24     30.    As a direct and legal result of the acts and omissions of Defendants, and each of
25 them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and
26 externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain,
27 discomfort and anxiety. The exact nature and extent of said injuries are not known to the plaintiff,
28 who will pray leave of court to insert the same when they are ascertained. Plaintiff does not at this

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1   time know the exact duration or permanence of said injuries, but is informed and believes, and
2   thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

3        31.    As a further legal result of the acts and omissions of the Defendants, and each of
4   them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs
5   during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that
6   she will in the future be forced to incur additional expenses of the same nature, all in an amount
7   which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said
8   expenses at the time of trial.

9        32.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but
10   since said incidents has been unable to engage fully in Plaintiff's occupation, and is informed and
11   believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's
12   usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount
13   which is at present unascertained. Plaintiff will pray leave of court to show the total amount of
14   loss of earnings at the time of trial.

15        33.    As a further direct and legal result of the acts and conduct of Defendants, as
16   aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent
17   emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain,
18   discomfort and anxiety. The exact nature and extent of said injuries is presently unknown to
19   plaintiff, who will pray leave of court to assert the same when they are ascertained.

20        34.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of
21   this court.

22        35.    The aforementioned acts of Defendants, and each of them, were wilful, wanton,
23   malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard
24   of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of
25   Defendants and DOES 1 through 100, and with the express knowledge, consent, and ratification of
26   managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the
27   awarding of punitive and exemplary damages in an amount to be determined at the time of trial.
28   ///

8

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1    36.    As a result of the discriminatory acts of Defendants, and each of them, as alleged

2 herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically

3 provided in California Government Code § 12965(b).

**II.**

**SECOND CAUSE OF ACTION**

**(For Violation of the Family Rights Act**

**[California Government Code § 12945.2]**

**Against All Defendants and DOES 1 Through 100, Inclusive)**

9    37.    Plaintiff incorporates herein by reference Paragraphs 1 through 36 as though set

10 forth in full herein.

11    38.    Plaintiff was an employee of Defendants who qualified for leave due to physical

12 and/or mental disability(s) pursuant to California Government Code §12945.2 et seq.

13    39.    At all times herein mentioned, Defendants were "Employer[s]" within the

14 definition of Government Code §12945.2, in that Defendants regularly employed 50 or more

15 people and/or adhered and/or abided by CFRA and/or gave their employees equal or greater leave

16 protection than CFRA.

17    40.    From September 2019, and continuing at least through February 25, 2020, and

18 continuing, Defendants and DOES 1 through 100, and each of them, denied and retaliated against

19 Plaintiff for being entitled to and/or requesting and/or taking Plaintiff's Family Rights and Family

20 Care and Medical Leave, by the following actions, among others:

21        a.    Defendants, and each of them, harassed, discriminated against and retaliated against

22            Plaintiff, as hereinalleged, in the terms and conditions of Plaintiff's employment;

23        b.    Defendants and each of them, retaliated against Plaintiff because of Plaintiff's

24            entitlement and/or request and/or taking of the right to medical leave in violation of

25            Government Code §12945.2 et seq.

26    41.    By the acts and conduct described above, Defendants, and each of them, in violation

27 of said statutes, knew about, or should have known about, and failed to investigate and/or properly

28 investigate, prevent or remedy the retaliation and discrimination in violation of the Family Rights

9

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1   Act. The acts of discrimination described herein were sufficiently pervasive so as to alter the
2   conditions of employment, and created an abusive working environment. Plaintiff's request and/or
3   taking and/or right to take, Family Medical Leave, and/or Plaintiff's complaints about the unlawful
4   conduct were motivating reasons in Defendants' conduct.

5        42.      Plaintiff filed  timely charges and complaints of retaliation, harassment and
6   discrimination in violation of the Family Rights Act with the California Department of Fair
7   Employment and Housing pursuant to California Government Code §12965(b), permitting Plaintiff
8   to bring this legal action. Attached hereto and incorporated herein as Exhibit "A" are said
9   Complaints and by reference hereto are made a part hereof. Attached hereto and incorporated
10  herein as Exhibit "B" are said Right to Sue Notices and by reference hereto are made a part hereof.

11       43.      By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has
12  been directly and legally caused to suffer actual damages pursuant to California Civil Code §3333
13  including, but not limited to, loss of earnings and future earning capacity, medical and related
14  expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary
15  loss not presently ascertained, for which Plaintiff will seek leave of court to amend when
16  ascertained.

17       44.      As a direct and legal result of the acts and omissions of Defendants, and each of
18  them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and
19  externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain,
20  discomfort and anxiety.  The exact nature and extent of said injuries are not known to the plaintiff,
21  who will pray leave of court to insert the same when they are ascertained.  Plaintiff does not at this
22  time know the exact duration or permanence of said injuries, but is informed and believes, and
23  thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

24       45.      As a further legal result of the acts and omissions of the Defendants, and each of
25  them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs
26  during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that
27  she will in the future be forced to incur additional expenses of the same nature, all in an amount
28  which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said

10

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1   expenses at the time of trial.

2       46.   Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but
3   since said incidents has been unable to engage fully in Plaintiff's occupation, and is informed and
4   believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's
5   usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount
6   which is at present unascertained. Plaintiff will pray leave of court to show the total amount of
7   loss of earnings at the time of trial.

8       47.   As a further direct and legal result of the acts and conduct of Defendants, as
9   aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent
10  emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain,
11  discomfort and anxiety. The exact nature and extent of said injuries is presently unknown to
12  plaintiff, who will pray leave of court to assert the same when they are ascertained.

13      48.   Plaintiff has been generally damaged in an amount within the jurisdictional limits of
14  this court.

15      49.   The aforementioned acts of Defendants, and each of them, were wilful, wanton,
16  malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard
17  of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of
18  Defendants and DOES 1 through 100, and with the express knowledge, consent, and ratification of
19  managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the
20  awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

21      50.   As a result of the discriminatory acts of Defendants, and each of them, as alleged
22  herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically
23  provided in California Government Code § 12965(b).

24  ///

25  ///

26  ///

27  ///

28  ///

11

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

**III.**

**THIRD CAUSE OF ACTION**

**(For Retaliation and Wrongful Termination in Violation of Public Policy**
**Against Defendants and DOES 1 -100, Inclusive)**

51.     Plaintiff incorporates herein by reference Paragraphs 1 through 50 as though set forth in full herein.

52.     At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated in California Government Code §12940 was to prohibit employers from discriminating, harassing, and retaliating against any individual based on perceived and/or physical disability. This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large. Accordingly, the actions of Defendants, and each of them, in discriminating, retaliating and terminating Plaintiff on the grounds of stated above, or for complaining about such discrimination, retaliation and harassment, was wrongful and in contravention and violation of the express public policy of the State of California, to wit, the policy set forth in California Government Code §12940 et seq., and the laws and regulations promulgated thereunder.

53.     At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated in California Government Code §12945.2 was to prohibit employers from discriminating, harassing, and retaliating against any individual based on their entitlement to, request for and/or use of CFRA medical leave. This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large. Accordingly, the actions of Defendants, and each of them, in discriminating, retaliating and terminating Plaintiff on the grounds of stated above, or for complaining about such discrimination, retaliation and harassment, was wrongful and in contravention and violation of the express public policy of the State of California, to wit, the policy set forth in California Government Code §12945.2 et seq., and the laws and regulations promulgated thereunder.

/ / /

/ / /

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1       54.  At all times herein mentioned, the public policy of the State of California, as

2  codified, expressed and mandated in California <u>Labor Code</u> §132a was to prohibit employers from

3  discriminating, harassing, and retaliating against any individual based on their articulating and/or

4  making a Worker's Compensation claim(s).  This public policy of the State of California is

5  designed to protect all employees and to promote the welfare and well-being of the community at

6  large.  Accordingly, the actions of Defendants, and each of them, in discriminating, retaliating and

7  terminating Plaintiff on the grounds of stated above, or for complaining about such discrimination,

8  retaliation and harassment, was wrongful and in contravention and violation of the express public

9  policy of the State of California, to wit, the policy set forth in California <u>Labor Code</u> §132a et seq.,

10  and the laws and regulations promulgated thereunder.

11       55.  By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has

12  been directly and legally caused to suffer actual damages pursuant to California <u>Civil Code</u> §3333

13  including, but not limited to, loss of earnings and future earning capacity, medical and related

14  expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary

15  loss not presently ascertained, for which Plaintiff will seek leave of court to amend when

16  ascertained.

17       56.  As a direct and legal result of the acts and omissions of Defendants, and each of

18  them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and

19  externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain,

20  discomfort and anxiety.  The exact nature and extent of said injuries are not known to the plaintiff,

21  who will pray leave of court to insert the same when they are ascertained.  Plaintiff does not at this

22  time know the exact duration or permanence of said injuries, but is informed and believes, and

23  thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

24       57.  As a further legal result of the acts and omissions of the Defendants, and each of

25  them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs

26  during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that

27  she will in the future be forced to incur additional expenses of the same nature, all in an amount

28  which is at present unknown.  Plaintiff will pray leave of court to show the exact amount of said

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  expenses at the time of trial.

2    58.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but
3  since said incidents has been unable to engage fully in Plaintiff's occupation, and is informed and
4  believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's
5  usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount
6  which is at present unascertained. Plaintiff will pray leave of court to show the total amount of
7  loss of earnings at the time of trial.

8    59.    As a further direct and legal result of the acts and conduct of Defendants, as
9  aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent
10  emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain,
11  discomfort and anxiety.  The exact nature and extent of said injuries is presently unknown to
12  plaintiff, who will pray leave of court to assert the same when they are ascertained.

13    60.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of
14  this court.

15    61.    The aforementioned acts of Defendants, and each of them, were wilful, wanton,
16  malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard
17  of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of
18  Defendants and DOES 1 through 100, and with the express knowledge, consent, and ratification of
19  managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the
20  awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

21    62.    As a result of the discriminatory acts of Defendants, and each of them, as alleged
22  herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically
23  provided in California Code of Civil Procedure §1021.5.

24                                    IV.

25                        FOURTH CAUSE OF ACTION

26    (For Declaratory Relief Against All Defendants and DOES 1 -100, Inclusive)

27    63.    Plaintiff incorporates herein by reference Paragraphs 1 through 62 as though set
28  forth in full herein.

                                    14
                    PLAINTIFF'S COMPLAINT FOR DAMAGES

1    64.    Depending on the outcome of this lawsuit via dispositive motion and ruling and/or a
2  trial and verdict in this matter, Plaintiff hereby requests this Court issue an affirmative and binding
3  Declaration of Rights and Duties pursuant to the ruling in *Harris v. City of Santa Monica*, (2013)
4  56 C.4th 203, declaring that Defendants, and each of them, their successors, agents,
5  representatives, employees and all persons who acted alone, or in concert with said Defendants,
6  and each of them, committed acts and conduct of harassment, discrimination, retaliation, or other
7  similar acts including, but not limited to, the violations alleged in all of the relevant Causes of
8  Action herein, and as proved and/or shown at the time of the ruling(s) and or verdict(s), and as
9  prohibited by the Fair Employment and Housing Act, California Government Code §§12900 -
10  12996, and any other applicable laws, cases, codes, regulations and statutes.

11    65.    At the time of the request for Declaratory Relief, there exists and/or will exist a
12  present and actual controversy among the parties.

13    66.    This Complaint, and the relevant causes of action herein, specifically plead an
14  actual, present controversy, and the facts of the respective and underlying claims.

15    67.    At the time of the request for Declaratory Relief, the facts of this case will have
16  congealed to the point that the Court can determine issues and grant relief through Declaratory
17  Relief and issue a decree of a conclusive character, with the force and effect of a Final Judgment.

18    68.    As a result of the wrongful acts of Defendants, and each of them, as alleged herein,
19  Plaintiff requests that this Court issue an Order and Ruling permanently enjoining Defendants, and
20  each of them, their successors, agents, representatives, employees and all persons who acted alone,
21  or in concert with said Defendants, and each of them, from committing acts and conduct of
22  harassment, discrimination, retaliation, or other similar acts including, but not limited to, the
23  violations alleged in all of the relevant Causes of Action herein, and as proved and/or shown at the
24  time of the ruling(s) and or verdict(s), and as prohibited by the Fair Employment and Housing Act,
25  California Government Code §§12900 - 12996, and any other applicable laws, cases, codes,
26  regulations and statutes.

27  / / /

28  / / /

15

1       69.    As a result of the wrongful conduct of Defendants, and each of them, as alleged

2  herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically

3  provided in California Government Code § 12965(b) and as specifically mentioned in *Harris v.*

4  *City of Santa Monica*, (2013) 56 C.4th 203.

5                **WHEREFORE,** Plaintiff **GUSTAVO CARLOS,** prays for judgment against the

6  Defendants, and each of them, as follows:

7            1.    For general damages in an amount within the jurisdictional limits of this

8                  Court;

9            2.    For medical expenses and related items of expense, according to proof;

10           3.    For loss of earnings, according to proof;

11           4.    For loss of earning capacity, according to proof;

12           5.    For reasonable attorneys' fees and costs of said suit as specifically provided

13                  in California Government Code §12965 (b), according to proof;

14           6.    For reasonable attorneys' fees and costs of said suit as specifically provided

15                  in California Code of Civil Procedure §1021.5, according to proof;

16           7.    For a permanent injunction against Defendants, and each of them, their

17                  successors, agents, representatives, employees and all persons who acted

18                  alone, or in concert with said Defendants, and each of them, from

19                  committing acts and conduct of harassment, discrimination, retaliation, or

20                  other similar acts including, but not limited to, the violations alleged in all of

21                  the relevant Causes of Action herein, and as proved and/or shown at the time

22                  of the ruling(s) and or verdict(s), and as prohibited by the Fair Employment

23                  and Housing Act, California Government Code §§12900 - 12996, and any

24                  other applicable laws, cases, codes, regulations and statutes;

25           8.    For reasonable attorneys' fees and costs of said suit as specifically provided

26                  in California Government Code § 12965(b) and as specifically mentioned in

27                  *Harris v. City of Santa Monica*, (2013) 56 C.4th 203;

28           9.    For prejudgment interest according to proof;

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1      10.   For punitive and exemplary damages, according to proof;

2      11.   For costs of suit incurred herein; and

3      12.   For such other and further relief as the court may deem just and proper.

4

5  Dated: March 27, 2020                 MANCINI & ASSOCIATES
                                         A Professional Law Corporation

6

7

8                                      By:_____
                                           MARCUS A. MANCINI, ESQ.
                                           Attorneys for Plaintiff

9                                             **GUSTAVO CARLOS**

10

11                              **DEMAND FOR JURY TRIAL**

12         Plaintiff GUSTAVO CARLOS hereby demands trial by jury.

13

14  Dated: March 27, 2020                 MANCINI & ASSOCIATES
                                           A Professional Law Corporation

15

16                                      By:_____

17                                             MARCUS A. MANCINI, ESQ.
                                           Attorneys for Plaintiff

18                                             **GUSTAVO CARLOS**

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

# EXHIBIT "A"

1

2

3

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

4

**In the Matter of the Complaint of**

5     GUSTAVO CARLOS                     DFEH No. 202003-09720426

6                        Complainant,

7     vs.

8     SAIA MOTOR FREIGHT LINE LLC

        14731 Santa Ana Avenue

9     Fontana, California 92337

10                   Respondents

11

12   1. Respondent **SAIA MOTOR FREIGHT LINE LLC** is an **employer** subject to suit

13   under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

14   2. Complainant **GUSTAVO CARLOS**, resides in the City of **Sherman Oaks** State of

15   **California.**

16   3. Complainant alleges that on or about **February 25, 2020**, respondent took the following adverse actions:

17

18   **Complainant was harassed** because of complainant's family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental), other.

19

20   **Complainant was discriminated against** because of complainant's family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental),

21   other and as a result of the discrimination was terminated, denied hire or promotion, asked impermissible non-job-related questions, denied any employment benefit or

22   privilege, denied reasonable accommodation for a disability, denied family care or medical leave (cfra) (employers of 50 or more people), other, denied work

23   opportunities or assignments, denied or forced to transfer.

24   **Complainant experienced retaliation** because complainant reported or resisted

25   any form of discrimination or harassment, requested or used a disability-related accommodation, participated as a witness in a discrimination or harassment

26

27

28   Date Filed: March 26, 2020

1   complaint, requested or used leave under the california family rights act or fmla
    (employers of 50 or more people) and as a result was terminated, denied hire or
2   promotion, asked impermissible non-job-related questions, denied any employment
3   benefit or privilege, denied reasonable accommodation for a disability, denied family
    care or medical leave (cfra) (employers of 50 or more people), other, denied or
4   forced to transfer.

5

6   **Additional Complaint Details:** From 9/2019, and continuing at least through
    2/25/20, and continuing, I was harassed, discriminated against and retaliated against
7   based on my perceived and/or physical disability(s) (neck injuries; shoulder injuries;
    associated conditions;others).

8

9

10

11      .

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

-2-
27      *Complaint – DFEH No. 202003-09720426*

28   Date Filed: March 26, 2020

1 | VERIFICATION

2 | I, **Marcus A. Mancini, Esq.**, am the **Attorney** in the above-entitled complaint.  I have
3 | read the foregoing complaint and know the contents thereof.  The matters alleged are
  | based on information and belief, which I believe to be true.

4
  | On March 26, 2020, I declare under penalty of perjury under the laws of the State of
5 | California that the foregoing is true and correct.

6 |                                                                    **Sherman Oaks, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27 |                                                    -3-
   |                          *Complaint – DFEH No. 202003-09720426*

28 | Date Filed: March 26, 2020

EXHIBIT "B"

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

March 26, 2020

GUSTAVO CARLOS
c/o Mancini & Associates 15303 Ventura Boulevard Suite 600
Sherman Oaks, California 91403

RE:   **Notice of Case Closure and Right to Sue**
      DFEH Matter Number: 202003-09720426
      Right to Sue: CARLOS / SAIA MOTOR FREIGHT LINE LLC

Dear GUSTAVO CARLOS,

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective March
26, 2020 because an immediate Right to Sue notice was requested. DFEH will take no
further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM 'GOVERNOR
KEVIN KISH, DIRECTOR

March 26, 2020

RE: **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 202003-09720426
Right to Sue: CARLOS / SAIA MOTOR FREIGHT LINE LLC

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,

Department of Fair Employment and Housing

1

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
2
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
3
**(Gov. Code, § 12900 et seq.)**

4
**In the Matter of the Complaint of**
5
GUSTAVO CARLOS                                    DFEH No. 202003-09720426

6
Complainant,
7   vs.

8   SAIA MOTOR FREIGHT LINE LLC
    14731 Santa Ana Avenue
9   Fontana, California 92337

10
Respondents
11

12  1. Respondent **SAIA MOTOR FREIGHT LINE LLC** is an **employer** subject to suit
    under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900
13  et seq.).

14
2. Complainant **GUSTAVO CARLOS**, resides in the City of **Sherman Oaks** State of
15  **California**.

16  3. Complainant alleges that on or about **February 25, 2020**, respondent took the
    following adverse actions:
17

18  **Complainant was harassed** because of complainant's family care or medical leave
    (cfra) (employers of 50 or more people), disability (physical or mental), other.
19
**Complainant was discriminated against** because of complainant's family care or
20  medical leave (cfra) (employers of 50 or more people), disability (physical or mental),
    other and as a result of the discrimination was terminated, denied hire or promotion,
21  asked impermissible non-job-related questions, denied any employment benefit or
    privilege, denied reasonable accommodation for a disability, denied family care or
22  medical leave (cfra) (employers of 50 or more people), other, denied work
23  opportunities or assignments, denied or forced to transfer.

24  **Complainant experienced retaliation** because complainant reported or resisted
    any form of discrimination or harassment, requested or used a disability-related
25  accommodation, participated as a witness in a discrimination or harassment
26

27
-1-
*Complaint – DFEH No. 202003-09720426*
28  Date Filed: March 26, 2020

1  complaint, requested or used leave under the california family rights act or fmla
   (employers of 50 or more people) and as a result was terminated, denied hire or
2  promotion, asked impermissible non-job-related questions, denied any employment
3  benefit or privilege, denied reasonable accommodation for a disability, denied family
   care or medical leave (cfra) (employers of 50 or more people), other, denied or
4  forced to transfer.

5
   **Additional Complaint Details:** From 9/2019, and continuing at least through
6  2/25/20, and continuing, I was harassed, discriminated against and retaliated against
7  based on my perceived and/or physical disability(s) (neck injuries; shoulder injuries;
   associated conditions;others).
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
                                    -2-
28  Date Filed: March 26, 2020

1   VERIFICATION

2   I, **Marcus A. Mancini, Esq.**, am the **Attorney** in the above-entitled complaint. I have
3   read the foregoing complaint and know the contents thereof. The matters alleged are
    based on information and belief, which I believe to be true.

4   On March 26, 2020, I declare under penalty of perjury under the laws of the State of
5   California that the foregoing is true and correct.

6                                                                    **Sherman Oaks, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                          -3-
                                *Complaint – DFEH No. 202003-09720426*

28  Date Filed: March 26, 2020

1                                 PROOF OF SERVICE

2   STATE OF CALIFORNIA       )
                                     )  ss.

3   COUNTY OF LOS ANGELES   )

5             I am employed in the County of Los Angeles, State of California. I am over the

6   age of 18 and not a party to the within action. My business address is 15303 Ventura

7   Boulevard, Suite 600, Sherman Oaks, California 91403.

9            On **March 26, 2020**, I served the foregoing document described as **RIGHT TO**

10  **SUE NOTICE and COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS**

11  **OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT** on the interested

12  party or parties in this action by certified mail, placing a true copy thereof enclosed in a sealed

13  envelope addressed as follows:

16                           SEE ATTACHED MAILING LIST

19
20             I caused such envelope with postage thereon fully prepaid to be placed in the

    United States mail at Sherman Oaks, California.

21

22            Executed on **March 26, 2020**, at Sherman Oaks, California.

23            I declare under penalty of perjury under the laws of the State of California that

24   the foregoing is true and correct.

27                           _____

28                           HERMINA AVAKIAN

## MAILING LIST

1

2
Saia Motor Freight Line LLC
3
14731 Santa Ana Avenue
Fontana, CA 92337

4

5
Saia Motor Freight Line LLC
c/o CT Corporation
6
818 W. 7th. Street, Suite 930
Los Angeles, CA 90017

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO


San Bernardino District - Civil
247 West Third Street

San Bernardino, CA. 924150210
------------------------------------------------------------------------
------------------------------------------------------------------------

CASE NO: CIVDS2009568

MANCINI & ASSOCIATES
15303 VENTURA BOULEVARD
SUITE 600
SHERMAN OAKS CA 91403

NOTICE OF TRIAL SETTING CONFERENCE


IN RE: CARLOS -V- SAIA

THIS CASE HAS BEEN ASSIGNED TO: JOHN M PACHECO IN DEPARTMENT S31
FOR ALL PURPOSES.

Notice is hereby given that the above-entitled case has been set for
Trial Setting Conference at the court located at 247 West Third Street
SAN BERNARDINO, CA  92415-0210.

HEARING DATE: 11/30/20 at  9:00 in Dept. S31

The Trial Setting Conference will be held in chambers without the
appearance of the parties -except for good cause shown. (see Emergency
Local Rule 411.1).

Parties shall file and serve no later than 15 days prior to the trial
setting conference the mandatory Initial Trial Setting Conference
Statement form (local for #13-09001-360) included with this notice.
Prior to the date of the initial trial setting conference, the court
may entertain a written stipulation by all appearing parties to con-
tinue the initial trial setting conference if filed at least 30 days
prior to the conference.

DATE: 06/12/20  Nancy Eberhardt, Court Executive Officer
By: NICOLE O'DWYER FENN
------------------------------------------------------------------------
------------------------------------------------------------------------
CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice:
(✓) Enclosed in a sealed envelope mailed to the interested party
addressed above, for collection and mailing this date, following
standard Court practices.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
( ) A copy of this notice was given to the filing party at the counter
( ) A copy of this notice was placed in the bin located at this office

and identified as the location for the above law firm's collection of file stamped documents.

Date of Mailing: 06/12/20
I declare under penalty of perjury that the foregoing is true and correct. Executed on 06/12/20 at San Bernardino, CA

BY: NICOLE O'DWYER FENNELL

civ-ntsc-20130417

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

**TELEPHONE NO.:**
**E-MAIL ADDRESS:**   TRIAL SETTING CONFERENCE DATE: _____
**ATTORNEY FOR (Name):**   UNLIMITED CASE: _____
**FAX NO. (Optional):**   LIMITED CASE: _____

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

**COURTHOUSE ADDRESS:**

**PLAINTIFF:**

**DEFENDANT:**

| **INITIAL TRIAL SETTING CONFERENCE STATEMENT** | **CASE NUMBER:** |
|---|---|

**INSTRUCTIONS:** All applicable boxes must be checked, and the specified information must be provided.  This document must be filed and served at least 15 days prior to the trial setting conference date.

1. Party or parties (answer one):
   a. ☐ This statement is submitted by party (name):
   b. ☐ This statement is submitted jointly by parties (names):

2. **Service of Complaint** on all parties has ☐ has not ☐ been completed.

3. **Service of Cross-Complaint** on all parties has ☐ has not ☐ been completed.

4. Description of case in Complaint:

5. Description of case in Cross-Complaint:

6. Has all discovery been completed:  Yes ☐  No ☐  Date discovery anticipated to be completed: _____

7. Do you agree to mediation?  Yes ☐  No ☐ Please check type agreed to: Private: _____  Court-sponsored: _____

8. Related cases, consolidation, and coordination:  Please attach a Notice of Related Case.

   ☐ A motion to ☐ consolidate ☐ Trial dates requested: Yes ☐ No ☐ Available dates: _____ Time estimate: _____

9. Other issues:
   ☐ The following additional matters are requested to be considered by the Court:

10. Meet and Confer:
   ☐ The parties represent that they have met and conferred on all subjects required by California Rules of Court, Rule 3.724.

   ☐ The parties have entered into the following stipulation(s):

11. Total number of pages attached (if any): _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the Initial Trial Setting Conference, including the written authority of the party where required.
Date: _____

_____   _____
(TYPE OR PRINT NAME)   (SIGNATURE OF PARTY OR ATTORNEY

_____   _____
(TYPE OR PRINT NAME)   (SIGNATURE OF PARTY OR ATTORNEY

Form # 13-09001-360
Mandatory Form          **INITIAL TRIAL SETTING CONFERENCE STATEMENT**